1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   BRUCE D. CELEBREZZE  Bar No. 102181
2  DENNIS G. ROLSTAD  Bar No. 150006
   ERIN A. CORNELL  Bar No. 227135
3  One Market Plaza
   Steuart Tower, 8th Floor
4  San Francisco, California 94105
   Telephone: (415) 781-7900
5  Facsimile: (415) 781-2635

6  Attorneys for Defendant
   NORTH AMERICAN ASSET DEVELOPMENT
7  CORPORATION GROUP DISABILITY PLAN

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

| NANCY LANGSTON, | CASE NO. C 08-02560 SI |
|---|---|
| Plaintiff, | **DEFENDANT NORTH AMERICAN ASSET DEVELOPMENT CORPORATION GROUP DISABILITY PLAN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| NORTH AMERICAN ASSET DEVELOPMENT CORPORATION GROUP DISABILITY PLAN, | |
| Defendant. | |

COMES NOW defendant North American Asset Development Corporation Group Disability Plan ("the Plan") and hereby answers the First Amended Complaint ("FAC") of plaintiff Nancy Langston ("plaintiff") as follows:

1.      In response to the averments set forth in paragraph 1 of the FAC, the Plan admits that plaintiff is seeking benefits under a long term disability plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. Section 1001, *et seq*. The Plan further admits that this court enjoys jurisdiction.

2.      In response to the averments set forth in paragraph 2 of the FAC, the Plan admits that plaintiff was an employee of North American Title Company. The Plan further admits upon information and belief that North American Title Company is a California Corporation. The Plan further admits that plaintiff's last day of work was December 7, 2004. The Plan denies each

1  and every remaining averment set forth in paragraph 2 of the FAC.

2      3.    In response to the averments set forth in paragraph 3 of the FAC, the Plan admits
3  that it is governed by ERISA and resides within this judicial district.  The Plan further admits
4  that it is insured by a Group Long Term Disability Policy, number SR-83117076.  The Plan
5  further admits that plaintiff participated in the Plan.  The Plan denies each and every remaining
6  averment set forth in paragraph 3 of the FAC.

7      4.    In response to the averments set forth in paragraph 4 of the FAC, the Plan admits
8  that Hartford Life and Accident Insurance Company is a corporation domiciled in Connecticut
9  and is a limited fiduciary of the Plan.  The Plan further admits that Hartford makes
10 determinations regarding eligibility for benefits under the Plan.  The Plan denies each and every
11 remaining averment set forth in paragraph 4 of the FAC.

12     5.    In response to the averments set forth in paragraph 5 of the FAC, the Plan admits
13 that on May 16, 2003, plaintiff stopped working at North American Title Company, but returned
14 to work part-time on September 16, 2003.  The Plan further admits that plaintiff worked part-
15 time from September 16, 2003 to December 7, 2004.  The Plan admits that plaintiff underwent
16 fusion surgery on July 26, 2005.  The Plan further admits that plaintiff returned to work part-time
17 from July 3, 2006 through August 26, 2006.  The Plan denies that plaintiff provides a complete
18 and accurate summary of her medical records, including her symptoms, complaints, and
19 diagnoses.  The Plan further denies each and every remaining averment set forth in paragraph 5
20 of the FAC.

21     6.    In response to the averments set forth in paragraph 6 of the FAC, the Plan admits
22 that plaintiff received long term disability benefits from November 12, 2003 through June 30,
23 2007.  The Plan further admits that on June 28, 2007, Hartford sent plaintiff a letter terminating
24 her claim for benefits.  The June 28, 2007 letter speaks for itself.  The Plan denies each and
25 every remaining averment set forth in paragraph 6 of the FAC.

26     7.    In response to the averments set forth in paragraph 7 of the FAC, the Plan admits
27 that plaintiff appealed the termination of her benefits.  The Plan further admits that on March 11,
28 2008, Hartford sent plaintiff a letter upholding the termination of her benefits.  The March 11,

2008 letter speaks for itself.  The Plan denies each and every remaining averment set forth in paragraph 7 of the FAC.

8. In response to the averments set forth in paragraph 8 of the FAC, the Plan admits that the maximum benefit period under the Group Long Term Disability Policy is to plaintiff's 65th birthday, or through May 31, 2024.  The Plan further admits that plaintiff's monthly disability benefit before subtracting other deductible sources of income is $4,800.  The Plan denies each and every remaining averment set forth in paragraph 8 of the FAC.

9. In response to the averments set forth in paragraph 9 of the FAC, the Plan admits plaintiff has retained counsel in this action.  The Plan further admits that pursuant to 29 U.S.C. § 1132(g), the court may allow a reasonable attorneys' fee and costs of action to either party.  The Plan denies each and every remaining averment set forth in paragraph 9 of the FAC.

10. The Plan denies each and every averment set forth in plaintiff's complaint that is not otherwise admitted in this answer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The FAC, and each purported cause of action therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted in the FAC are barred in whole or in part by the terms, definitions, exclusions, conditions, limitations, and endorsements contained in the disability policy and/or employee benefit plan which is the subject of the FAC and/or terms and provisions of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq*.

### THIRD AFFIRMATIVE DEFENSE

The claims asserted in the FAC are barred by plaintiff's failure to comply with the terms and conditions contained in the employee benefit plan which is the subject of the complaint and/or the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq*.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to perform all of the obligations and conditions set forth under the

1  employee benefit plan which is the subject of the FAC and/or the Employee Retirement Income
2  Security Act, 29 U.S.C. §§ 1001, *et seq.*

### FIFTH AFFIRMATIVE DEFENSE

4  To the extent that it is determined that plaintiff misrepresented or failed to disclose or
5  omitted material information in connection with any application for insurance or application for
6  disability insurance benefits, plaintiff's claims are barred.

### SIXTH AFFIRMATIVE DEFENSE

8  The Plan alleges the proper standard of review is abuse of discretion because the Plan
9  affords discretionary authority to the claims administrator to determine eligibility for benefits
10 pursuant to *Metropolitan Life Ins. Co. v. Glenn*, ___ U.S. ___, 2008 WL 2444796 (2008).

### SEVENTH AFFIRMATIVE DEFENSE

12 The Plan alleges that the benefit determination was not an abuse of discretion as a matter
13 of law.

### EIGHTH AFFIRMATIVE DEFENSE

15 The FAC, and each cause of action contained therein, fails to state sufficient facts to
16 constitute a valid claim for attorneys' fees.

### NINTH AFFIRMATIVE DEFENSE

18 The Plan alleges that plaintiff's past, present, and future benefits, if any, must be reduced
19 and off-set by any and all other income all amounts of overpayment of benefits to plaintiff and
20 any interest owed thereon and by any other amounts appropriate for set-off, including, but not
21 limited to, Social Security Disability Benefits.

### TENTH AFFIRMATIVE DEFENSE

23 The Plan alleges that, if the FAC was not brought in good faith pursuant to Rule 11 of the
24 Federal Rules of Civil Procedure, it is entitled to and will seek reasonable expenses, including
25 attorneys' fees, incurred in defending the action.

### ELEVENTH AFFIRMATIVE DEFENSE

27 Plaintiff has failed to set out his claims with sufficient particularity to permit the Plan to
28 raise all appropriate defenses and, thus, the Plan reserves its rights to add additional defenses as

1 a factual basis for these claims becomes known.

2     WHEREFORE, The Plan prays for judgment as follows:

3     1.    That plaintiff take nothing by reason of the complaint; and

4     2.    That the Plan be awarded its attorneys' fees and costs of suit incurred

5     herein, and such other and further relief as the court deems just and

6 proper.

7 DATED: July 28, 2008    SEDGWICK, DETERT, MORAN & ARNOLD LLP

10 By: s/Erin A. Cornell
    Dennis G. Rolstad
    Erin A. Cornell
11     Attorneys for Defendant
    NORTH AMERICAN ASSET DEVELOPMENT
12     CORPORATION GROUP DISABILITY PLAN