1  LAW OFFICES OF LAURENCE F. PADWAY
   LAURENCE F. PADWAY  Bar No. 89314
2  GAYLE GODFREY CODIGA  Bar No. 114715
   1516 Oak Street, Suite 109
3  Alameda, California 94501
   Telephone: (510) 814-6100
4  Facsimile: (510) 814-0650

5  Attorneys for Plaintiff
   NANCY LANGSTON
6
   SEDGWICK, DETERT, MORAN & ARNOLD LLP
7  BRUCE D. CELEBREZZE  Bar No. 102181
   DENNIS G. ROLSTAD  Bar No. 150006
8  ERIN A. CORNELL  Bar No. 227135
   One Market Plaza
9  Steuart Tower, 8th Floor
   San Francisco, California 94105
10 Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
11
   Attorneys for Defendant
12 NORTH AMERICAN ASSET DEVELOPMENT
   CORPORATION GROUP DISABILITY PLAN
13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| NANCY LANGSTON, | CASE NO. C 08-02560 SI |
|---|---|
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| v. | |
| NORTH AMERICAN ASSET DEVELOPMENT CORPORATION GROUP DISABILITY PLAN, | JUDGE: Honorable Susan Illston<br>DEPT: 10, 19th Floor<br>DATE: September 22, 2008<br>TIME: 2:00 p.m. |
| Defendant. | |

24  Plaintiff Nancy Langston ("plaintiff") and defendant North American Asset Development

25 Corporation Group Disability Plan ("the Plan") jointly submit this Case Management

26 Conference Statement and Proposed Order, and request that the Court adopt it as its Case

27 Management Order in this case.

28

### A. Jurisdiction and Venue

The basis for subject matter jurisdiction in this action is federal question, as plaintiff's claims arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001 *et seq.* ("ERISA"). Venue is appropriate in this judicial district.

### B. Brief Statement of Facts

Plaintiff was employed by North American Title Company as an Escrow Officer from April 28, 1998 to May 16, 2003, her last day of full-time work. As an employee of North American Title Company, plaintiff was a participant in the North American Asset Development Corporation Group Disability Plan. Long-term disability benefits under the Plan were insured by a Group Policy issued by Hartford Life and Accident Insurance Company ("Hartford"). The Plan provides long term disability benefits to a participant for the first 24 months of disability if the claimant has an injury or sickness that causes physical or mental impairment to such a degree of severity that she is continuously unable to perform the material and substantial duties of her regular occupation. After the first 24 months, benefits are only payable if the claimant is continuously unable to engage in any occupation for which she is or becomes qualified by education, training or experience. In May, 2005, plaintiff submitted a claim for long term disability benefits under the Plan. Plaintiff subsequently received long term disability benefits from November 12, 2003 through June 30, 2007. Plaintiff's benefits were then terminated, plaintiff submitted an administrative appeal, and on March 11, 2008, the termination was upheld. Plaintiff then filed this current action.

### C. Legal Issues in Dispute

1. The degree of deference the court should give to the benefit decision;
2. Whether the decision to terminate plaintiff's benefits was reasonable, or alternatively, an abuse of discretion; and
3. If the benefit decision was an abuse of discretion, the calculation of benefits under the Plan.

**D. Motions**

The parties anticipate filing cross-motions for summary judgment, or in the alternative, motions for judgment pursuant to FRCP 52/bench trial regarding whether the decision to deny benefits was an abuse of discretion. The parties request a joint briefing schedule, such that the parties' opening briefs, oppositions, and replies, if any, will be filed concurrently.

**E. Amendment of the Pleadings**

Plaintiff filed her First Amended Complaint on June 20, 2008. The parties do not anticipate any further amendment of the pleadings.

**F. Evidence Preservation**

The complete administrative record relating to plaintiff's claim for benefits, as kept in Hartford's normal course of business, will be disclosed to plaintiff as part of the Plan's initial disclosure.

Plaintiff need not disclose any documents duplicative of those disclosed by defendant, but will disclose any other documents she anticipates will be part of her case. Plaintiff will also disclose any documents regarding her award of Social Security Disability benefits, if one has been made, including documentation showing continued receipt of benefits, as well as all other potential offset information and documentation showing the payment of workers' compensation benefits.

The above disclosures will satisfy evidence preservation, and there is no need for electronic copies of any documentation.

**G. Disclosures**

The parties agree to exchange initial disclosures on or before September 11, 2008.

**H. Discovery**

1. Plaintiff's Contention:

Plaintiff Nancy Langston seeks discovery on issues relating to conflict of interest and bias, in order to inform the Court on the factors to be considered in its analysis under *Metropolitan Life Insurance Company v. Glenn*, 128 S. Ct. 2343 (2008).

1        2.        The Plan's Contention:

2        The Plan contends that discovery regarding the ERISA benefit decision outside the
3 administrative record is not warranted in this ERISA matter, as the reviewing court may only
4 consider evidence that was before the claims administrator at the time of the benefit decision.
5 *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006). *Abatie* removed the
6 prior burden plaintiffs shouldered to "come forward with material, probative evidence that the
7 apparent conflict of interest tainted the administrator's decision," therefore negating plaintiff's
8 argument that discovery was necessary to meet this burden, and *Abatie* did not authorize
9 discovery. Although some district courts have allowed very limited discovery regarding the
10 nature, extent and effect of a conflict of interest upon an administrator's discretionary benefits
11 decision, such discovery is not automatic and must be limited in order to uphold the primary goal
12 of ERISA: "to provide a method for workers and beneficiaries to resolve disputes over benefits
13 inexpensively and expeditiously." *Taft v. Equitable Life Assur. Soc'y*, 9 F.3d 1469, 1472 (9th
14 Cir. 1993), quoting *Sandoval v. Aetna Life & Casualty Ins. Co.*, 967 F.2d 377, 380 (10th Cir.
15 1992). Thus, discovery is not warranted or necessary in this action, as there are no grounds in
16 this action that would support discovery, even regarding any alleged conflict of interest.
17 Moreover, if plaintiff intends to conduct discovery, plaintiff should have to come forward with
18 *prima facie* evidence showing grounds for a conflict of interest before any discovery can be
19 propounded, and plaintiff should have his proposed discovery approved by the court.

20       Notwithstanding the above, if plaintiff propounds discovery in this ERISA action, the
21 Plan reserves its right to also propound limited discovery to show that any actual or potential
22 conflict of interest did not affect the discretionary benefits decision. The Plan also reserves the
23 right to propound limited discovery regarding potential offsets under the policy.

24   **I.   Class Actions**

25   This is not a class action.

26   **J.   Related Cases**

27   There are no related cases.

28

**K.    Relief**

    1.    Plaintiff:

Plaintiff seeks benefits from the date of termination to the date of judgment, and reserves the right to seek attorneys' fees and costs of suit incurred herein.

    2.    The Plan:

Defendant does not seek damages, but reserves the right to seek attorneys' fees and costs of suit incurred herein.

**L.    Settlement and ADR**

The parties have filed a Stipulation and Proposed Order selecting the following ADR process: Court-sponsored mediation pursuant to ADR Local Rule 6.

The parties request an ADR process completion date of December 1, 2008. The parties do not anticipate that it will be necessary to file any motions prior to participating in ADR.

**M.    Consent to a Magistrate Judge**

The parties do not consent to have a Magistrate Judge conduct further proceedings, including trial and entry of judgment.

**N.    Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**O.    Narrowing of Issues**

The issue of the degree of skepticism the court will employ, if any, regarding Hartford's discretionary benefits decision can be narrowed by a motion for summary adjudication.

**P.    Expedited Schedule**

The parties agree and propose an expedited schedule with early cross-motions for summary judgment, or in the alternative, motions for judgment pursuant to FRCP 52/bench trial regarding whether the decision to deny benefits was an abuse of discretion. The parties request a joint briefing schedule, such that the parties' opening briefs, oppositions, and replies, if any, will be filed concurrently, and further agree that there is no need for a pre-trial conference or other pre-trial filings or disclosure except as set forth above.

**Q. Scheduling**

The parties propose a discovery cut-off of November 1, 2008

The parties propose a joint briefing schedule with opening briefs on the cross-motions to be filed by each party in January, 2008, opposing briefs to be filed two weeks later, and optional reply briefs to be filed two weeks after oppositions. The parties further request a hearing regarding the motions two weeks after reply briefs are due.

**R. Trial**

Any trial of this ERISA matter will be a bench trial on the administrative record only pursuant to the above schedule.

**S. Disclosure of Non-Party Interested Entities or Persons**

    1.    The Plan:

The Plan has filed its Certification of Interested Entities or Persons as required by Civil Local Rule 3-16. The Plan identifies the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities known to have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

1. Nancy Langston, plaintiff;
2. North American Title Company, Inc.;
3. North American Asset Development Corporation, parent of North American Title Company, Inc.;
4. North American Title Group, parent of North American Asset Development Corporation;
5. Lennar Financial Services, Inc., parent of North American Title Group;
6. U.S. Home Corporation; parent of Lennar Financial Services, Inc.;
7. Lennar Corporation, parent of U.S. Home Corporation;
8. Hartford Life and Accident Insurance Company, insurer of benefits under the North American Asset Development Corporation Group Disability Plan;

     9.     Hartford Life, Inc., parent of Hartford Life and Accident Insurance Company;

     10.    Hartford Holdings, Inc., parent of Hartford Life, Inc.;

     11.    The Hartford Financial Services Group, Inc., parent of Hartford Holdings, Inc.; and

     12.    North American Asset Development Corporation Group Disability Plan.

     2.     Plaintiff:

Plaintiff discloses the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities known to have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

     1.     None, other than as listed above.

**T.**    **Other Matters**

The parties do not anticipate any other matters at this time.

DATED: August 26, 2008     LAW OFFICE OF LAURENCE F. PADWAY

By: s/Laurence F. Padway
    Laurence F. Padway
    Gayle Godfrey Codiga
    Attorneys for Plaintiff
    NANCY LANGSTON

DATED: August 26, 2008     SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: s/Dennis G. Rolstad
    Dennis G. Rolstad
    Erin A. Cornell
    Attorneys for Defendant
    NORTH AMERICAN ASSET DEVELOPMENT
    CORPORATION GROUP DISABILITY PLAN

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

DATED:

HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE