IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NANCY LANGSTON,

        Plaintiff,

v.

NORTH AMERICAN ASSET DEVELOPMENT CORPORATION GROUP DISABILITY PLAN,

        Defendant.

No. C 08-02560 SI

**ORDER DENYING PLAINTIFF'S REQUEST FOR A CASE MANAGEMENT CONFERENCE and DENYING DEFENDANT'S MOTION TO STRIKE**

Now before the Court are plaintiff's request for a case management conference and defendant's motion to strike plaintiff's request. On April 6, 2009, this Court denied both parties' motions for summary judgment in this ERISA case and remanded the matter to the claim administrator for further investigation consistent with the Court's decision. In a letter dated June 12, 2009, plaintiff contends that this Court's April 6 order constitutes a "claim for benefits"; that the claim administrator was required to make a determination as to plaintiff's claim within 45 days of April 6; and that because the 45-day period elapsed on May 20 without a decision from the claim administrator, this Court should now set a case management conference to determine a schedule for resolving plaintiff's claim.

Plaintiff's argument depends on the premise that this Court's April 6 order constituted a claim for benefits. It did not. Plaintiff relies on 29 C.F.R. § 2560.503-1(e), but that provision provides that "a claim for benefits is a request for a plan benefit or benefits *made by a claimant* in accordance with a plan's reasonable procedure for filing benefit claims." 29 C.F.R § 2560.503-1(e) (emphasis added). In any event, as defendant points out, plaintiff provided documents for the claim administrator to review on April 21, May 18, June 6, and June 11. *See* Decl. of Erin A. Cornell. [Docket No. 49] Pursuant to

29 C.F.R. § 2560.503-1(h)(2)(iv), the administrator must "take[] into account all comments, documents, records, and other information submitted by the claimant relating to the claim . . . ." It is not reasonable for plaintiff to argue that the period for review has elapsed even as she submits new documents that the administrator is required to review.

The Court finds that defendant's motion to strike is not warranted but agrees with defendant that a schedule should be set for the claim administrator's review of this matter. Accordingly, plaintiff shall submit all materials she wishes the administrator to review by **July 7, 2009**. The administrator shall notify plaintiff of its decision **within 45 days of July 7**. *See* 29 C.F.R. § 2560.503-1(f)(3) ("In the case of a claim for disability benefits, the plan administrator shall notify the claimant . . . of the plan's adverse benefit determination within a reasonable period of time, but not later than 45 days after receipt of the claim by the plan."). If the administrator seeks an extension, it must follow the requirements described in 29 C.F.R. § 2560.503-1(f)(3). Finally, **within three days of the filing of this order**, defendant shall provide plaintiff with the name and contact information of the claim adjuster who is handling her claim.

Accordingly, the plaintiff's request for a case management conference [Docket No. 47] is DENIED and defendant's motion to strike [Docket No. 48] is DENIED.

**IT IS SO ORDERED.**

Dated: June 30, 2009

SUSAN ILLSTON
United States District Judge