**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NANCY LANGSTON,

          Plaintiff,

  v.

NORTH AMERICAN ASSET
DEVELOPMENT CORPORATION GROUP
DISABILITY PLAN,

          Defendant.
_____/

No. C 08-02560 SI

**ORDER GRANTING PLAINTIFF'S
MOTION FOR RECONSIDERATION OF
ATTORNEY'S FEES AWARD**

     Plaintiff's motion for reconsideration of the Court's January 20, 2010 attorney's fees award came on for hearing on April 7, 2010.  Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS plaintiff's motion.

**DISCUSSION**

     The background facts of this case are set forth in the Court's January 20, 2010 order granting plaintiff's motions for attorney's fees and prejudgment interest. Jan. 20, 2010 Order at *1 (Docket No. 81).  In that order, the Court awarded plaintiff $99,805 in attorney's fees, $52,400 of which represented work by lead counsel Laurence Padway at the rate of $400 per hour. *Id.* at *11.  Plaintiff subsequently sought reconsideration of Mr. Padway's rate, as plaintiff had requested fees at the rate of $550 per hour. The Court held a hearing on April 7, 2010 for the purpose of hearing additional evidence and argument concerning the issue of Mr. Padway's hourly rate.

     In its original order, the Court declined to award fees at Mr. Padway's requested rate of $550 per hour primarily due to the Court's belief that present economic circumstances have resulted in a

United States District Court
For the Northern District of California

1    depression in attorney's fees.  Mr. Padway explained at the April 7 hearing, however, that in his

2    experience, the economic downturn has actually resulted in a greater number of denials of ERISA

3    participants' claims for disability benefits, increasing ERISA attorneys' caseloads and consequently

4    their rates.  Viewing the evidence through this lens, the Court no longer believes there is a basis for

5    reducing Mr. Padway's hourly rate below the requested rate of $550 per hour.  *See Welch v. Metro. Life*

6    *Ins. Co.*, 480 F.3d 942, 947-48 (9th Cir. 2007) (once the party seeking fees has established that the rate

7    sought is "in line with prevailing community rates," that rate is presumed reasonable but may be

8    adjusted "on evidence that undermines the reasonableness of the rate requested").  Mr. Padway has

9    submitted evidence showing that he and other ERISA attorneys of similar experience received fees of

10   between $500 and $550 per hour during 2009.  *See* Suppl. Padway Decl. ¶ 4 (Docket No. 75) (in 2009,

11   charged paying clients a flat fee based on an hourly rate of $550); Kantor Decl. ¶¶ 7, 12 (Docket No.

12   66) (hourly rate for partners at ERISA firm in Los Angeles ranged from $500 to $550 per hour in 2009);

13   Horner Decl. ¶ 16 (Docket No. 63) (attorney with 15 years of ERISA experienced charged $500 per

14   hour in 2009); *id.* ¶ 25 (listing 2009 ERISA fee awards ranging from $500 to $550 per hour).  Defendant

15   has made no attempt to rebut this showing.  *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980

16   (9th Cir. 2008) ("The party opposing the fee application has a burden of rebuttal that requires

17   submission of evidence to the district court challenging the accuracy and reasonableness of the facts

18   asserted by the prevailing party in its submitted affidavits.") (citation and alteration omitted).

19   Defendant also has not challenged plaintiff's assertion that while ERISA cases may be less time-

20   intensive than other types of cases, for example civil rights cases, they are no less complex or

21   challenging.  Plaintiff cites a 2009 fee order in which this Court granted fees in the amount of $600 in

22   a civil rights wrongful death case.  *See* Nov. 10, 2009 Order, *A.D. v. State of California Highway Patrol*,

23   No. 07-5438 (Docket No. 144).  There has been no suggestion by defendant that the present case was

24   less complex, though it undoubtedly took less time.  *See Welch*, 480 F.3d at 946 (court must determine

25   whether hourly rate sought is in line with "fees that private attorneys of an ability and reputation

26   comparable to that of prevailing counsel charge their paying clients for legal work of *similar*

27   *complexity*") (emphasis added).

28   Accordingly, plaintiff's motion for reconsideration is GRANTED.  Mr. Padway is awarded fees

in the amount of $550 per hour.  For the 131 hours of work he expended on this case, Mr. Padway is entitled to an additional $19,650 beyond the amount awarded in the Court's January 20, 2010 order, for a total fee award of $119,455.[1]

### CONCLUSION

For the foregoing reasons and for good cause shown, plaintiff's motion for reconsideration is GRANTED.  (Docket No. 87).  Plaintiff is awarded an additional $19,650 in attorney's fees, for a total of $119,455.  The other portions of the Court's January 20, 2010 order granting costs and prejudgment interest remain in effect.

**IT IS SO ORDERED.**

Dated: April 12, 2010

SUSAN ILLSTON
United States District Judge

[1] Defendant's motion to strike portions of the evidence submitted with plaintiff's reply brief is DENIED.  (Docket No. 98).